Brett M. Anders, Esq. (Bar ID #015201997)
Kurt J. Ferdenzi, Esq. (Bar ID #336142021)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
T: (908) 795-5200
F: (908) 464-2614
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMANTHA ARRASMITH,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SHORE TOYOTA, SCOTT RICHARDSON, MICHELLE PEREZ, JOHN DOE EMPLOYEES 1-10,<br><br>　　　　　Defendants. | Civil Action No. 21-08786<br><br>**ANSWER AND DEFENSES<br>AND COUNTERCLAIM** |

    Defendants, Richardson Enterprises, Inc. d/b/a Shore Toyota (improperly pled as "Shore Toyota") (hereinafter "Richardson Enterprises"), Scott Richardson and Michelle Perez (collectively, "Defendants"), through their attorneys, Jackson Lewis P.C., for their answer to the complaint, state as follows:

### FIRST COUNT

    1.  Deny the allegations contained in paragraph 1 of the First Count of the complaint, except admit only that Plaintiff was employed by Richardson Enterprises.

    2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Count of the complaint, except admit only that

Plaintiff was granted a leave of absence and was terminated on or about March 11, 2020. Defendants deny that Plaintiff "stayed in contact" with Defendants.

      3.    No answer is required to paragraph 3 of the First Count of the complaint which states legal conclusions, rather than factual assertions. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

      4.    Deny the allegations contained in paragraph 4 of the First Count of the complaint.

      5.    Deny the allegations contained in paragraph 5 of the First Count of the complaint.

      6.    No answer is required to paragraph 6 of the First Count of the complaint which states legal conclusions, rather than factual assertions. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

      7.    Deny the allegations contained in paragraph 7 of the First Count of the complaint.

## SECOND COUNT

      1.    Defendants repeat and reallege their answers to paragraphs 1 through 7 of the First Count of the complaint inclusive, as though fully set forth in response to paragraph 1 of the Second Count of the complaint.

      2.    No answer is required to paragraph 2 of the Second Count of the complaint which states legal conclusions, rather than factual assertions. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

      3.    Deny the allegations contained in paragraph 3 of the Second Count of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Count of the complaint and as to what Plaintiff believed. Deny the remainder of the allegations in paragraph 4 of the Second Count of the complaint.

5. Deny the allegations contained in paragraph 5 of the Second Count of the complaint.

6. Deny the allegations contained in paragraph 6 of the Second Count of the complaint.

7. Deny the allegations contained in paragraph 7 of the Second Count of the complaint.

8. Deny the allegations contained in paragraph 8 of the Second Count of the complaint.

9. Deny the allegations contained in paragraph 9 of the Second Count of the complaint.

## THIRD COUNT

1. Defendants repeat and reallege their answers to paragraphs 1 through 7 of the First Count and paragraphs 1 through 9 of the Second Count, of the complaint inclusive, as though fully set forth in response to paragraph 1 of the Third Count of the complaint.

2. Deny the allegations contained in paragraph 2 of the Third Count of the complaint.

3. No answer is required to paragraph 3 of the Third Count of the complaint which states legal conclusions, rather than factual assertions. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

4. Deny the allegations contained in paragraph 4 of the Third Count of the complaint.

## FOURTH COUNT

1. Defendants repeat and reallege their answers to paragraphs 1 through 7 of the First Count, paragraphs 1 through 9 of the Second Count, and paragraphs 1 through 4 of the Third Count of the complaint inclusive, as though fully set forth in response to paragraph 1 of the Fourth Count of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Fourth Count of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Fourth Count of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Fourth Count of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Fourth Count of the complaint.

## DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND SEPARATE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

### **AS AND FOR A THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in her complaint and any damages which she allegedly suffered.

### **AS AND FOR A FOURTH SEPARATE DEFENSE**

Plaintiff's complaint is barred under the doctrine of unclean hands.

### **AS AND FOR A FIFTH SEPARATE DEFENSE**

Any employment relationship that may have existed between Plaintiff and Defendants was at-will and Plaintiff could be terminated at any time, with or without cause.

### **AS AND FOR A SIXTH SEPARATE DEFENSE**

Defendants named herein at no time had an agreement or common plan, among themselves or with others, to achieve an unlawful purpose, or a lawful purpose through unlawful means.

### **AS AND FOR A SEVENTH SEPARATE DEFENSE**

The Defendants' conduct and actions were at all times undertaken in good faith, and without malice, ill-will or reckless indifference toward the plaintiff.

### **AS AND FOR AN EIGHTH SEPARATE DEFENSE**

Plaintiff's complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken for legitimate business reasons unrelated to Plaintiff's alleged disability, requests for accommodation and/or time off from work.

## AS AND FOR A NINTH SEPARATE DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was justified by business necessity.

## AS AND FOR A TENTH SEPARATE DEFENSE

Plaintiff's claims against Defendants Richardson and Perez are barred because the individual Defendants are not an "employer" under applicable federal and/or state law.

## AS AND FOR AN ELEVENTH SEPARATE DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatorily harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## AS AND FOR A TWELFTH SEPARATE DEFENSE

Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of her employment.

## AS AND FOR A THIRTEENTH SEPARATE DEFENSE

Defendants' decisions made as to Plaintiff's employment were without consideration as to any protected category, but if it is determined that any protected category was a motivating factor in any decision, then Defendants assert that it would have reached the same result, regardless of any protected category in which the Plaintiff may lie, based upon the facts and circumstances of the case.

## AS AND FOR A FOURTEENTH SEPARATE DEFENSE

Providing any potential accommodations, if any existed, would have posed an undue hardship on Defendants.

### AS AND FOR A FIFTEENTH SEPARATE DEFENSE

Defendants made a good-faith effort to reasonably accommodate Plaintiff.

### AS AND FOR A SIXTEENTH SEPARATE DEFENSE

Plaintiff was unable to perform the essential functions of the job, with or without reasonable accommodations.

### AS AND FOR A SEVENTEENTH SEPARATE DEFENSE

Plaintiff failed to engage in the interactive process.

### AS AND FOR AN EIGHTEENTH SEPARATE DEFENSE

Plaintiff's complaint should be dismissed because Plaintiff cannot demonstrate a causal connection between her alleged protected activity and any adverse job actions.

### AS AND FOR A NINETEENTH SEPARATE DEFENSE

Plaintiff's retaliation claim is not actionable because she is incapable of establishing that the legitimate, non-discriminatory business reasons for the employment decisions at issue constitute a violation of public policy.

### AS AND FOR A TWENTIETH SEPARATE DEFENSE

Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because the Defendants exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

### AS AND FOR A TWENTY-FIRST SEPARATE DEFENSE

Defendant did not know, or have reason to know, of the alleged harassment.

### AS AND FOR A TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred because the complained-of conduct was neither offensive or unwelcome, and/or Plaintiff participated in such conduct.

7

**AS AND FOR A TWENTY-THIRD SEPARATE DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff was not an "eligible employee" within the meaning of the Family and Medical Leave Act ("FMLA") at the time relevant to this action, nor was she otherwise qualified for protection under FLSA.

**AS AND FOR A TWENTY-FOURTH SEPARATE DEFENSE**

Some or all of the Plaintiff's claims are barred to the extent that Plaintiff would not have been restored to her former position or to an equivalent position within the meaning of the FMLA regardless of whether she had taken leave under the FMLA.

**AS AND FOR A TWENTY-FIFTH SEPARATE DEFENSE**

Some or all of Plaintiff's claims are barred because she failed to provide proper and/or timely information concerning the reasons for which leave was requested as required by the FMLA, including but not limited to certification from her health care provider.

**AS AND FOR A TWENTY-SIXTH SEPARATE DEFENSE**

Some or all of the Plaintiff's claims are barred to the extent that she exhausted and/or exceeded the amount of leave provided under the FMLA.

**AS AND FOR A TWENTY-SEVENTH SEPARATE DEFENSE**

Some or all of the Plaintiff's claims are barred to the extent that she failed to return to work and/or she was unable to return to work and/or to perform the essential functions of her position with or without reasonable accommodation at the time her leave provided under the FMLA was exhausted.

**AS AND FOR A TWENTY-EIGHTH SEPARATE DEFENSE**

Defendants are not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

**AS AND FOR A TWENTY-NINTH SEPARATE DEFENSE**

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned, or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to make reasonable attempts to mitigate her damages, Plaintiff's damage claims must be reduced.

**AS AND FOR A THIRTIETH SEPARATE DEFENSE**

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

**AS AND FOR A THIRTY-FIRST SEPARATE DEFENSE**

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

**AS AND FOR A THIRTY-SECOND SEPARATE DEFENSE**

Any loss or damage sustained by Plaintiff was occasioned by the acts or omissions of Plaintiff.

**AS AND FOR A THIRTY-THIRD SEPARATE DEFENSE**

Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

## **AS AND FOR A THIRTY-FOURTH SEPARATE DEFENSE**

Plaintiff's claims for economic damages should be barred or limited by any after-acquired evidence discovered by Defendants that would show that Plaintiff's employment would have been terminated on other grounds.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert any additional defenses that further investigation and discovery may reveal to be applicable.

WHEREFORE, Defendants respectfully request that this Court:

a. Dismiss the complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the complaint;

c. Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Defendant Richardson Enterprises, by way of counterclaims against the Plaintiff, Samantha Arrasmith, states as follows:

## STATEMENT OF FACTS COMMON TO ALL COUNTS

1. At various times between 2018 and 2020 the Plaintiff, Samantha Arrasmith, was employed by Richardson Enterprises.

2. Richardson Enterprises owns and operates the property on 3163 Fire Road, Egg Harbor Township, NJ 08234 ("the Premises").

3. As part of her employment, the Plaintiff was presented with an agreement regarding parking at Richardson Enterprises ("the Agreement"). The Plaintiff executed the Agreement on January 2, 2019.

4. The Agreement contained the following provision:

> Any vehicle left on the premises of Shore Toyota will be towed and stored at the employees' expense. Shore Toyota is not responsible for any damages or loss to the vehicle. This policy is in effect immediately and all said vehicles are subject to tow at any time. This does not apply to your daily vehicle or any vehicle in for service repair on a Shore Toyota repair order.

5. Richardson Enterprises terminated the Plaintiff's employment on March 11, 2020.

6. The Plaintiff's termination resulted in the loss of her authority to make use of the Premises to park a daily vehicle.

7. Plaintiff has intentionally and unlawfully continued to store her vehicle, the 2016 Fiat 500x with the VIN number of ZFBCFYDT6GP511800 ("the Vehicle"), on the Premises.

## FIRST COUNT
## UNJUST ENRICHMENT

8. Through her improper conduct, including but not limited to unauthorized storage of the Vehicle on the Premises, Plaintiff benefited and continues to benefit.

9. Plaintiff inappropriately received these benefits by improper means, which unjustly enrich Plaintiff to Richardson Enterprises' detriment.

10. As a result of such conduct, Richardson Enterprises has suffered and will continue to suffer monetary damages.

11. It would be inequitable and against good conscience to permit Plaintiff to not repay Richardson Enterprises for the expenses incurred for the storage of the Vehicle and use of the Premises.

WHEREFORE, Richardson Enterprises demands entry of a judgment in its favor against Plaintiff for compensatory damages, pre- and post-judgment interest, attorneys' fees and costs, any such other relief as the Court may deem just and appropriate.

## CONVERSION

12. Richardson Enterprises repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

13. Plaintiff wrongfully exercised control over the property of Richardson Enterprises by making, and continuing to make, unauthorized use of the Premises to the Vehicle.

14. Upon the Plaintiff's termination on March 11, 2020, Plaintiff no longer had the authority make use of the Premises.

15. Richardson Enterprises has a right to possess and make use of the full use of the Premises.

16. Plaintiff continues to substantially interfere with that right by knowingly and intentionally storing the Vehicle on the Premises.

17. In doing so, the Plaintiff has unlawfully exercised, and continues to exercise, dominion and control over property belonging to Richardson Enterprises.

18. As a result of such conduct, Richardson Enterprises has suffered and will continue to suffer monetary damages.

WHEREFORE, Richardson Enterprises demands entry of a judgment in its favor against Plaintiff for compensatory damages, pre- and post-judgment interest, attorneys' fees and costs, any such other relief as the Court may deem just and appropriate.

## **BREACH OF CONTRACT**

19. Richardson Enterprises repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20. Plaintiff entered into the Agreement as a condition of her continued employment dated January 2, 2019.

21. By signing the Agreement, Plaintiff expressly agreed that she would not leave a vehicle on the Premises and agreed to bear the cost of storage if she did so.

22. Plaintiff left the Vehicle, and continues to leave the Vehicle, on the Premises in violation of the Agreement.

23. Plaintiff has not reimbursed Richardson Enterprises for the cost of the storage of the Vehicle.

WHEREFORE, Richardson Enterprises demands entry of a judgment in its favor against Plaintiff for compensatory damages, pre- and post-judgment interest, attorneys' fees and costs, any such other relief as the Court may deem just and appropriate.

                                                Respectfully submitted,

                                                JACKSON LEWIS P.C.
                                                200 Connell Drive, Suite 2000
                                                Berkeley Heights, New Jersey 07922
                                                (908) 795-5200

                          By:     s/ *Brett M. Anders*
                                                Brett M. Anders
                                                Kurt J. Ferdenzi

Dated: April 27, 2021

4822-8033-6358, v. 1